IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELIA L. TILLEY,<br>　　Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAIL ROAD CORP.,<br>　　Defendant. | §<br>§<br>§<br>§　　Civil Action No. 3:16-CV-2382-S-BK<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Order of Reference*, Doc. 29, *Defendant's Motion for Summary Judgment*, Doc. 46, is before the undersigned United States magistrate judge for findings of fact and a recommended disposition. For the reasons stated herein, Defendant's motion should be **GRANTED**.

## I. BACKGROUND[1]

In January 2012, Plaintiff was hired by Defendant Union Pacific Rail Road Corporation in Fort Worth, Texas, where she performed the jobs of brakeman, switchman, and foreman. Doc. 46-2 at 7-8, 15. Several times during her employment, Plaintiff was subjected to disciplinary action. *See* Doc. 46-2 at 81. In March 2013, Plaintiff was dismissed for insubordination when she refused her supervisor's instruction that she end her meal break and return to work. Doc. 46-2 at 11, 83. Following Plaintiff's appeal of the ruling, she was reinstated, but "cautioned to obey instructions." Doc. 46-2 at 83. In September 2014, approximately four months after Plaintiff returned to work, she was disciplined again "for a car rolling out." Doc. 46-2 at 9-10, 81.

---

[1] As Plaintiff has failed to respond or file any controverting evidence, the recitation of the facts is taken from Defendant's motion for summary judgment and appendix, unless otherwise specified.

On June 4, 2016, Plaintiff called Defendant's complaint hotline and stated that her supervisor, "Greg," had been giving her "a difficult time," to-wit: he refused to respond to her requests for help, gave her team extra work, and spoke to her "as if she [was] a child." Doc. 46-2 at 13-14, 85. Plaintiff reported that she believed "Greg"[2] treated her that way "because she is a female or because she is African-American," and asked that the matter be investigated. Doc. 46-2 at 85.

Five days later, Plaintiff, with the aid of an attorney, filed a Charge of Discrimination with the Texas Workforce Commission and the Equal Employment Opportunity Commission ("EEOC"), in which she claimed to have been the victim of race and sex discrimination in violation of Title VII. Doc. 46-2 at 88. Plaintiff wrote: "I have been harassed by Gregg [sic], Yardmaster in that he made me move tracks over for another crew and he yells and talks to me in a very rude manner." Doc. 46-2 at 88. These allegations apparently arose from two discrete incidents that occurred in April and June of 2016. Doc. 46-2 at 45-46, 48. Plaintiff also submitted a handwritten note with her complaint in which she "request[ed] [her] right to sue." Doc. 46-2 at 89. The same day, the EEOC issued her a right-to-sue letter. Doc. 2 at 9.

On July 1, 2016, Plaintiff allegedly failed to properly secure a track in violation of Rule "7.6: Securing Cars or Engines" and was assessed additional training. Doc. 46-2 at 94. A hearing on the incident was held later that month, after which the disciplinary action against Plaintiff was upheld. Doc. 46-2 at 34-35, 91. In August 2016, Plaintiff filed the instant lawsuit against Defendant and her union, International Association of Sheet Metal Air Rail and

---

[2] Greg's identity has not been confirmed. As Defendant explains, Plaintiff never identified Greg by his full name. Doc. 46-1 at 10. While Defendant believes that the individual Plaintiff refers to is "Greg Perkins," Plaintiff was unable to confirm that at her deposition, although she did state that the name "sounds familiar." Doc. 46-1 at 10; see Doc. 46-2 at 14.

2

Transportation Workers ("SMART"), stemming from her EEOC charge and Defendant's disciplinary investigations.  See Doc. 2.

On September 3, 2016, Plaintiff allegedly failed to ensure that "switch points" on a track fit properly, resulting in a train derailment.  Doc. 46-2 at 100-101.  In the Notice of Investigation issued in response to the incident, Plaintiff was charged with violations of Rules "1.6: Conduct – Careless," "1.6: Conduct – Negligent," and "8.2: Position of Switch – Switches" and notified that such violations were terminable offenses.  Doc. 46-2 at 101.  An investigative hearing was held later that month, which resulted in Plaintiff's termination.  Doc. 46-2 at 38-39, 42, 97.

In January 2017, Plaintiff, now proceeding *pro se*, filed her *First Amended Complaint*, dropping SMART as a defendant, and asserting claims solely against Defendant Union Pacific Rail Road Corporation for (1) race and sex discrimination, (2) violations of the Federal Railroad Safety Act ("FRSA"), and (3) wrongful discharge.  See Doc. 30.  In January 2018, Defendant moved for summary judgment on all of Plaintiff's claims.  Doc. 46.  When Plaintiff failed to file her summary judgment response within the time provided by rule, the Court *sua sponte* enlarged the deadline by 31.  Doc. 47.  Plaintiff still did not respond.

## II. LEGAL STANDARD

If a party does not file a response to a summary judgment motion, the court is not permitted to enter a "default" summary judgment.  Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).  The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed.  Id.  Moreover, the non-movant is relegated to her unsworn pleadings, which do not constitute competent summary judgment evidence.  Ass'n of Taxicab Operators, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc., 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing United States v. Dallas Area Rapid Transit, 96 F.3d 1445

3

(5th Cir. 1996)); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (stating that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). In the instant case, Plaintiff's pleadings are not verified and, therefore, she has presented no competent summary judgment evidence. Accordingly, the Court accepts evidence and facts proffered by Defendant as undisputed.

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587 (citation and internal quotation marks omitted).

### III. ANALYSIS

**A.     Race and Sex Discrimination Claims**

Plaintiff does not specifically assert a race or sex discrimination claim in her *First Amended Complaint*; however, she does allege that she was mistreated on account of being a "black female."  Doc. 30 at 5.  Defendant construes these allegations as Plaintiff's attempt to assert race and sex discrimination claims under Title VII or the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. § 21.001, *et seq.*, and moves for judgment in its favor.  Specifically, Defendant argues that, based on the complaints made in her previous EEOC charge, Plaintiff cannot prove she was subjected to an adverse employment action.  Doc. 46-1 at 18 n.64, 19.  Defendant's argument is well taken.

Employment discrimination claims filed under Title VII[3] that are based on circumstantial evidence are subject to the burden-shifting analysis provided in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  *Shackelford*, 190 F.3d at 404 & n.2.  To survive summary judgment on a claim of employment discrimination, the plaintiff first must establish a *prima facie* case that she: (1) is a member of a protected class; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) was replaced by someone outside her protected group or was treated less favorably than similarly situated employees outside her protected group.  *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam).  Upon this showing, the burden then shifts to the employer to show a legitimate, non-discriminatory reason for the adverse employment action.  *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).  If

---

[3] Although the Court only refers to Plaintiff's Title VII claim, its reasoning applies equally to Plaintiff's TCHRA claim.  *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 & n.2 (5th Cir. 1999) (noting that law governing the TCHRA and Title VII is identical).

the employer is successful, the burden shifts back to the plaintiff to provide substantial evidence that the proffered reason is a pretext for discrimination. *Id.* To constitute an adverse employment action, an action must consist of "*ultimate employment decisions* such as hiring, granting leave, discharging, promoting, and compensating." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (citation and internal quotation marks omitted) (emphasis in original).

Here, Plaintiff has failed to establish that she suffered an adverse employment action. In her only EEOC charge, Plaintiff complained that on two occasions Greg "made [her] move tracks over for another crew and he yell[ed] and talk[ed] to [her] in a very rude manner." Doc. 46-2 at 88. As neither is an ultimate employment decision, neither constitutes an adverse employment action. *Pegram*, 361 F.3d at 282; *see Webb v. Cardiothoracic Surgery Assocs. of N. Tex., P.A.*, 139 F.3d 532, 540 (5th Cir. 1998) (finding that a supervisor's rude and uncivil treatment did not constitute an adverse employment action under Title VII), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006); *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2008 WL 5220569, at *5 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.) (collecting cases for the proposition that, under Title VII, "[n]either receiving an increased workload nor being assigned undesirable tasks constitutes an adverse employment action").

In her *First Amended Complaint*, Plaintiff alleges that she was unfairly blamed and disciplined for a rule violation, and "sexually harassed, threatened, and subjected to verbal abuse and intimation [sic]." Doc. 30 at 4-5. She also avers that she was terminated after filing this lawsuit. Doc. 30 at 5. However, to the extent she has attempted to do so, Plaintiff cannot predicate her race or sex discrimination claims or her retaliation claim on these allegations

6

because she never administratively exhausted them.  As held by the Supreme Court of the United States, a Title VII plaintiff has the obligation to file an administrative claim as to each discrete discriminatory act.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-114 (2002).  Thus, courts do not consider claims that were not charged before the EEOC, or those that do not fall within the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination.  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016) (per curiam) (citation omitted).  The only complaints Plaintiff raised before the EEOC relate to her two discrete interactions with "Greg" described previously herein, and she never amended her charge or filed a new charge to include any additional complaints about Greg or others.  Doc. 46-2 at 48, 52, 53, 54.

Accordingly, Plaintiff has failed to establish a predicate adverse employment action, and Defendant is entitled to summary judgment on her race and sex discrimination claims under Title VII and the TCHRA, to the extent that any such claims were alleged.

**B.**     **FRSA Claim**

Plaintiff more clearly asserts a retaliation claim under the FRSA.  Doc. 30 at 5.  Specifically, Plaintiff alleges that she was terminated for "pointing out . . . safety concerns" regarding "the lack of proper-on-the-track protection."  Doc. 30 at 5.  Defendant moves for summary judgment on this claim on the ground that, *inter alia*, Plaintiff never filed the requisite administrative complaint with the Occupational Safety and Health Administration ("OSHA").  Doc. 46-1 at 19.

An employee alleging a claim under the FRSA must first file an administrative complaint with OSHA within 180 days of the alleged violation.  49 U.S.C. § 20109(d)(2)(A)(ii); *Howell v. BNSF Ry. Co.*, No. G-13-421, 2015 WL 6159195, at *2 (S.D. Tex. Jan. 30, 2015), *adopted by*

7

2015 WL 6160784 (S.D. Tex. Oct. 20, 2015). However, at her deposition, Plaintiff admitted that she never filed a complaint with OSHA,[4] Doc. 46-2 at 58, and offers no controverting evidence here. Accordingly, Defendant is entitled to summary judgment on Plaintiff's FRSA claim.

### C.   Wrongful Discharge Claim

Lastly, Plaintiff alleges that Defendant breached her employment contract when it fired her without good cause. *See* Doc. 30 at 6. Defendant moves for summary judgment on the ground that, *inter alia*, Plaintiff conceded this claim lacks merit when she testified that she (1) is not aware of a "contract of employment" entered into between her and Defendant, (2) does not know of any employment contract that Defendant breached, and (3) is not alleging that Defendant breached the collective bargaining agreement. Doc. 46-1 at 20; *see* Doc. 46-2 at 59-60. The Court agrees. Plaintiff's admissions contradict the allegations supporting her wrongful discharge claim, and she presents no evidence to the contrary. Accordingly, Defendant is entitled to summary judgment on Plaintiff's wrongful discharge claim. *See Jones v. Houston Indep. Sch. Dist. Bd. of Trs.*, 986 F. Supp. 2d 812, 820-21 (S.D. Tex. 2013) (granting summary judgment on the plaintiff's discrimination claim where, *inter alia*, the plaintiff admitted in his deposition that he lacked knowledge of the facts upon which his discrimination claim was based).

---

[4] Additionally, Plaintiff could not recall any actual safety concerns that she raised or the date(s) she raised them. Doc. 46-2 at 55.

## IV. CONCLUSION

In light of the foregoing, *Defendant's Motion for Summary Judgment*, Doc. 46, should be **GRANTED**.

**SO RECOMMENDED** on March 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE